IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOSE L. CABRERA COSME

Plaintiff

vs                                          CIVIL 14-1695CCC

UNITED STATES OF AMERICA                    (Related Crim. 06-0299-05CCC)

Defendant

## OPINION AND ORDER

Pending before the Court are the following filings:

(1)    Motion under 28 U.S.C. § 2255 filed by Petitioner José L. Cabrera Cosme (hereinafter "Petitioner" or "Cabrera Cosme") (d.e. 1),

(2)    Petitioner's *pro se* Memorandum in Support (d.e. 1-1),

(3)    First Supplemental Motion under 28 U.S.C. § 2255 (d.e. 6),

(4)    Second Supplemental Motion under 28 U.S.C. § 2255 (d.e. 8),

(5)    Third Supplemental Motion under 28 U.S.C. § 2255 (d.e. 20),

(6)    United States' Response in Opposition to Motion under 28 U.S.C. § 2255 (d.e. 17), and

(7)    Petitioner's Reply in Opposition to Government's Response (d.e. 21).

For the reasons discussed below, the § 2255 Motion as well as the Supplemental Petitions filed by José L. Cabrera Cosme are all **DENIED**.

I.    **BACKGROUND**

Petitioner Cabrera Cosme was charged with other defendants in a four-count Second Superseding Indictment (d.e. 1060 in Crim. 06-0299CCC),

CIVIL 14-1695CCC                    2
(Related Crim. 06-0299-05CCC)

specifically in Counts One and Two.  He was ultimately tried with three other

defendants and found guilty on both counts.

Count One charged that:

From on or about January 2003, and continuing up to on or about
August 2006, in the District of Puerto Rico, elsewhere, and within
the jurisdiction of this Court, [5] José L. Cabrera Cosme, a/k/a "Luis
Villalobos," and four other co-defendants, the defendants herein,
along with other unindicted co-conspirators to the Grand Jury
known and unknown, did knowingly and intentionally combine,
conspire, confederate and agree together and with each other, and
with diverse other persons, to commit an offense against the
United States, that is, to possess with intent to distribute, and
distribute narcotic controlled substances, to wit: fifty (50) grams or
more of cocaine base ("crack"), a Schedule II Narcotic Drug
Controlled Substance; and a mixture or substance containing a
detectable amount of marihuana a Schedule I Controlled
Substance, within one thousand (1,000) feet of the real property
comprising a housing facility owned by a public housing authority,
that is, the Nemesio R. Canales Public Housing Project, and within
one thousand (1,000) feet of public elementary and secondary
schools, that is, Nemesio R. Canales School Number 1 and the
Nemesio R. Canales School Number 2, and the Head Start
pre-school centers in violation of Title 21, United States Code,
§§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(D) and 860.

(d.e. 1060 at pp. 1-2 in Crim. 06-0299CCC).

Count Two charged:

From on or about January 2003, and continuing up to on or about
August, 2006, in the District of Puerto Rico, and elsewhere, and
within the jurisdiction of the court, [5] José L. Cabrera Cosme,
a/k/a "Luis Villalobos," and four additional co-defendants, the
defendants herein, along with other unindicted co-conspirators to
the Grand Jury known and unknown, did knowingly, intentionally,
and unlawfully conspire, combine, confederate, and agree together
and with each other and with other persons, to commit an offense
against the United States, that is, to knowingly, willfully,
intentionally and unlawfully possess, use, carry, brandish, and
discharge firearms as that term is defined in Section 921(a)(3), of
Title 18, United States Code, in furtherance of, or during and in
relation to a drug trafficking crime, as that term is defined in
Section 924(c)(2), of the Title 18, United States Code, to wit:

CIVIL 14-1695CCC                    3
(Related Crim. 06-0299-05CCC)

conspiracy to possess with the intent to distribute and distribute narcotics and controlled substances, an offense which can be prosecuted in a court of the United States as a violation to Title 21, <u>United States Code</u>, Sections 841(a)(1), 841(b)(1)(A) & (b)(1)(D), and 860. All in violation of Title 18, <u>United States Code</u>, Sections 924(c)(1)(A)(i), (c)(1)(A)(ii), (c)(1)(A)(iii) and 924(o).

(d.e. 1060 at pp. 12-13 in Crim. 06-0299CCC).

What follows is a narrative of relevant events in the criminal proceeding.

On July 23, 2007, Petitioner filed a *pro se* Informative Letter Regarding Evidence (d.e. 345 in Crim. 06-0299CCC)[1] and on August 29, 2007, an Order was issued to his counsel, Michael R. Hasse, to submit his views as to the *pro se* letter (d.e. 431 in Crim. 06-0299CCC). On September 3, 2007, Mr. Hasse filed a Motion in Compliance with Court Order (d.e. 4312) (d.e. 438 in Crim. 06-0299CCC).[2]

On October 22, 2007, Cabrera Cosme filed a *pro se* Motion for Return of Property (d.e. 476 in Crim. 06-0299CCC).[3] On November 7, 2007, the Court

---

[1] In said motion Petitioner claimed he was innocent of all charges, that his attorney refused to show him the evidence against him, that his attorney was forcing him to accept a plea offer of 135-151 months; that his counsel was ineffective, that his attorney refused to follow his instructions and file a motion for dismissal and that his attorney and the prosecutor are in agreement to entrap him (d.e. 345 in Crim. 06-0299CCC).

[2] Counsel informed the Court that he had received numerous letters from Cabrera Cosme and each time he had responded by visiting him at MDC Guaynabo. Counsel informed that he had provided and discussed all discovery with Cabrera Cosme and had fully explained to him his legal predicament and rights. He further informed that he had engaged in extensive plea negotiations and advised the Court that the letters received from Cabrera Cosme, much like the one submitted to the Court, were written in the English language yet Cabrera Cosme does not know English (d.e. 438 in Crim. 06-0299CCC).

[3] Cabrera Cosme alleged that at the time of his arrest a gold chain he was wearing and $250.00 that belonged to the mother of his children, were taken by the arresting officers and he wished that they be returned (d.e. 476 in Crim. 06-0229CCC).

CIVIL 14-1695CCC                          4
(Related Crim. 06-0299-05CCC)

issued an Order denying his *pro se* request for return of property (d.e. 476)
(d.e. 498 in Crim. 06-0299CCC).

On January 16, 2008, Cabrera Cosme's Court-appointed attorney filed
an Emergency Motion to Appoint Counsel (d.e. 537 in Crim. 06-0299CCC) .[4]

On February 4, 2008, the Court granted Hasse's withdrawal and ordered
the appointment of new counsel (d.e. 555 in Crim. 06-0299CCC).    On
November 21, 2008, Cabrera Cosme filed a *pro se* Motion to Appoint New
Counsel (d.e. 801 in Crim. 06-0299CCC).[5]  On January 7, 2009, Cabrera
Cosme filed a *pro se* Motion Requesting Order for Counsel to File a Motion to
Dismiss Indictment (d.e. 820 in Crim. 06-0299CCC).[6]  On January 21, 2009,
through counsel, defendant filed a Motion Requesting Severance (d.e. 835 in
Crim. 06-0229CCC).[7]

---

[4]Attorney Hasse informed the Court that the voluminous discovery provided by the
government had been discussed with petitioner and that he was given copy.  Counsel further
informed that he had visited Cabrera Cosme at MDC Guaynabo approximately on thirty (30)
separate occasions and during many of these visits he discussed the result of plea negotiations.
He informed that he had received a letter from Cabrera Cosme dated December 28, 2007 stating
that he no longer wanted Hasse to represent him and had so informed the Court.  Counsel
expressed his belief that he could no longer effectively represent Cabrera Cosme because his
client did not trust him (d.e. 537 in Crim. 06-0229CCC).

[5]Petitioner informed the Court that he had only received one (1) visit from his new appointed
counsel; that in the past seven (7) months he had not received a legal visit; that he had sent letters
and made phone calls to his new attorney, Elfrick Méndez, and received no response.  Cabrera
Cosme claimed that attorney Méndez had done nothing regarding his case.  He again requested
new counsel be appointed (d.e. 801 in Crim. 06-0299CCC).

[6]Petitioner requested that the Court order his attorney to file a motion to dismiss the
indictment for violations to the Speedy Trial Act (d.e. 820 in Crim. 06-0299CCC).

[7]In said motion counsel argued that Cabrera Cosme be tried separately due to the
government's intent to introduce thirteen (13) murders which would be attributed to other
co-defendants but would cause undo harm to petitioner (d.e. 835 in Crim. 06-0299CCC).

CIVIL 14-1695CCC                                5
(Related Crim. 06-0299-05CCC)

On January 28, 2009, attorney Méndez filed an Informative Motion Regarding Defendant's *Pro Se* Motion to Appoint New Counsel (d.e. 801) (d.e. 841 in Crim. 06-0299CCC).[8]

On April 15, 2009, Petitioner filed a *pro se* Motion to Appoint New Counsel (d.e. 890 in Crim. 06-0299CCC).[9] On April 20, 2009, the Court denied his request for appointment of new counsel (d.e. 900 in Crim. 06-0299CCC). On May 19, 2009, Petitioner filed a *pro se* Informative Motion (d.e. 969 in Crim. 06-0299CCC).[10] On June 12, 2009, Cabrera Cosme filed a *pro se* Motion Requesting Order for Change of Court-Appointed Counsel (d.e. 972 in Crim. 06-0299CCC).[11] On June 24, 2009, the Court issued an Order instructing that dockets entries 969 and 972 be sent to Cabrera Cosme's

---

[8] Counsel informed the Court that after Petitioner's *pro se* filing request for new counsel, he visited Cabrera Cosme at MDC Guaynabo. Counsel discussed the available discovery with Petitioner, who had copies of the discovery, and Petitioner stated to counsel that, despite his filing, he was satisfied with counsel's legal representation. (d.e. 841 in Crim. 06-0299CCC).

[9] In his *pro se* filing Cabrera Cosme made several allegations against his attorney. Petitioner claimed his attorney had only visited him three (3) times and never brought with him the evidence the government was going to use against Petitioner. Cabrera Cosme claimed his attorney was forcing him to cooperate with the government and plead guilty when he in fact was innocent of the charges. He further alleged that his co-defendant was offered sixty (60) months for pleading guilty while he was being offered fifteen (15) years and forced to cooperate. Finally, Petitioner alleged his counsel was not prepared for the up coming trial (d.e. 809 in Crim. 06-0299CCC).

[10] Cabrera Cosme informed the Court that "he was not going to fight his case" with the attorney he had. Cabrera Cosme believed that his attorney was working on behalf of the government and against Petitioner's best interest. Cabrera Cosme also asked the Court for the same "deal" as one of his co-defendants (d.e. 969 in Crim. 06-0299CCC).

[11] Cabrera Cosme once again asked for the Court to appoint new counsel. He alleged that his attorney had not provided the witness statements while his co-defendants already had them. He re-alleged that his attorney was working for the prosecution, not for him, and believed he was fighting his case "alone" (d.e. 972 in Crim. 06-0299CCC).

CIVIL 14-1695CCC                              6
(Related Crim. 06-0299-05CCC)

defense counsel, attorney Méndez, and that Méndez respond to the allegations

raised by Petitioner in both of his filings (d.e. 986 in Crim. 06-0299CCC).

Cabrera Cosme once again requested on June 29, 2009 that the sum of

$250.00 as well as a gold chain taken at the time of his arrest be returned to

him (d.e. 988 in Crim. 06-0299CCC).

On June 30, 2009, counsel Méndez filed a Motion in Compliance with

Order (d.e. 989 in Crim. 06-0299CCC).[12] On that same day, Petitioner, through

counsel, filed a Motion for Change of Plea (d.e. 990 in Crim. 06-0299CCC).

On July 2, 2009, the Court issued an Order denying Petitioner's two

motions requesting new counsel (d.e. 969 and d.e. 9972 in Crim. 06-0299CCC)

and stated: "The Court is convinced that Mr. Cabrera Cosme's complaints are

not related to lack of diligence on the part of his attorney but, rather, with

---

[12]Attorney Méndez informed the Court that Cabrera Cosme's prior counsel had provided him with all available discovery; that previous counsel Hasse had visited him over thirty (30) times and discussed not only the discovery but various plea offers tendered by the government. Attorney Méndez informed that he had also discussed with Petitioner all discovery and provided him with all new discovery that was made available. Counsel informed that he had visited Petitioner on four (4) or five (5) separate occasions in order to discuss new discovery as well as the results of continuous plea negotiations with the government, that Cabrera Cosme had filed numerous *pro se* motions, including two (2) mandamus before the First Circuit Court and also directly written to the AUSA handling his case requesting a better plea offer. Attorney Méndez further informed that the crux of Cabrera Cosme's displeasement was his belief that at one point he was offered a plea agreement that contemplated eleven (11) years of incarceration yet his prior counsel never informed him of such an offer. However, attorney Méndez informed the Court that he consulted with the AUSA handling the case as to the alleged eleven-year plea offer and was informed that no such offer was ever tendered. Counsel has informed Cabrera Cosme of this fact yet he rejects it. Attorney Méndez has further advised Petitioner of the government's explanation as to the sixty-month offer to his co defendant but once again Petitioner is not satisfied with what he is being informed. Finally, counsel reported that the day prior to filing of this motion he visited Cabrera Cosme who informed him he did not wish to go to trial but also did not like the government's offer for he believed the jail time was too high. Petitioner requested that counsel file a notice of change of plea and that Petitioner would enter a straight plea, despite having been warned by counsel of the risks involved in the straight plea (d.e. 989 in Crim. 06-0299CCC).

CIVIL 14-1695CCC                              7
(Related Crim. 06-0299-05CCC)

circumstances having to do with his expectations regarding potential agreements with the government" and further ordered that his *pro se* Motion for Return of Property (d.e. 988 in Crim. 06-0299CCC) be stricken from the record. Petitioner was instructed that all his motions had to be filed through his attorney (d.e. 997 in Crim. 06-0299CCC).

On July 7, 2009, Petitioner filed a *pro se* Motion for Status of Motion for Change of Plea (d.e. 1002 in Crim. 06-0299CCC).[13]

On July 30, 2009, the government filed a Motion in Compliance with Brady and Giglio requirements (d.e. 1010 in Crim. 06-0299CCC) and there informed that it had become aware that certain perjured testimony had been given before the grand jury and that based in part on said perjured testimony the grand jury had returned the First Superseding Indictment. The United States also advised that, after a thorough review of the matter, it was determined that a new superseding indictment should be sought after the presentation of new evidence, not tainted or compromised by any perjured testimony (d.e. 1010 at pp. 7-10 in Crim. 06-0299CCC).

On August 4, 2009, Cabrera Cosme, through his counsel, filed a Motion to Adopt other Co-Defendants' Motions, Motion to Continue Change of Plea Hearing (d.e. 1019 in Crim. 06-0299CCC). He requested that the scheduled change of plea hearing be postponed until the problem with the perjured testimony be solved and a status conference held regarding the matter

_____

[13]Petitioner asked for information regarding his counsel's filing of a motion for change of plea and requested a reasonable sentence (d.e. 1002 in Crim. 06-0299CCC).

CIVIL 14-1695CCC                          8
(Related Crim. 06-0299-05CCC)

(d.e. 1019 in Crim. 06-0299CCC). On August 4, 2009, the Court granted his request (d.e. 1019 in Crim. 06-0299CCC), and scheduled Change of Plea Hearing for September 8, 2009 (d.e. 1020 in Crim. 06-0299CCC).

On August 28, 2009, Cabrera Cosme filed a *pro se* Motion Requesting Order for Jury Trial and Testimony of Witnesses (d.e. 1042 in Crim. 06-0299CCC).[14]

On August 31, 2009, Petitioner filed, through counsel, a Motion to Adopt Other Co-Defendants Motions (d.e. 1046 in Crim. 06-0299CCC). He joined pending motions that requested an order to hold in abeyance the government's request for leave to file second superseding indictment (d.e. 1010 in Crim. 06-0299CCC); as well as the joint motion requesting immediate imposition of conditions of release (d.e. 1017 in Crim. 06-0299CCC) (d.e. 1046 in Crim. 06-0299CCC).

On September 7, 2009, he filed through counsel an Emergency Motion to Vacate Change of Plea Hearing and to Withdraw Document for Change of Plea (d.e. 1050 in Crim. 06-0299CCC).[15]

---

[14]In his *pro se* motion in Spanish, Cabrera Cosme stated that he had conducted some legal investigations that confirmed that his attorney was lying and that his counsel had a conflict of interest due to his obligations with the government. He further stated that he did not want a bench trial since the witnesses as well as the case agents had lied to the grand jury and he wanted a jury trial. He requested transcripts of the grand jury testimonies and a Bill of Particulars (d.e. 1042 in Crim. 06-0299CCC).

[15]He requested that the scheduled Change of Plea Hearing set for September 8, 2009 be cancelled since he would not be pleading guilty. Petitioner was awaiting the possibility of a Second Superseding Indictment and, if such an indictment were returned, then he would stand trial (d.e. 1050 in Crim. 06-0299CCC).

CIVIL 14-1695CCC                    9
(Related Crim. 06-0299-05CCC)

The September 8, 2009 Change of Plea Hearing was not held since defense counsel was not present.  Counsel Méndez was ordered to show cause why sanctions should not be imposed for his failure to appear and ordered he to appear in court on September 11, 2009 prepared to answer the allegations made by Petitioner in his *pro se* filing (d.e. 1042 and d.e. 1051 in Crim. 06-0299CCC).   On September 9, 2009, counsel Méndez filed his Response to docket entry 1051, Order to Show Cause (d.e. 1055 in Crim. 06-0299CCC). He informed the Magistrate-Judge of the pending issues with the perjured testimony as well as his filing of the motion to withdraw Petitioner's change of plea.  He also informed he had asked in said filing to be excused from the scheduled change of plea hearing since he had an appointment with a U.S. Probation Officer (d.e. 1055 in Crim. 06-0299CCC).

On September 9, 2009, Petitioner filed, through counsel, a Motion to Adopt Other Co-Defendants' Motions to Dismiss Superseding Indictment, (d.e. 1054 in Crim. 06-0299CCC).

On September 10, 2009, the Court entered its Order denying the request to hold in abeyance the filing of the second superseding indictment (d.e. 1016 and d.e. 1056 in Crim. 06-0299CCC).  The grand jury returned a Second Superseding Indictment on September 10, 2009 against petitioner as well as four (4) other co-defendants (d.e. 1060 in Crim. 06-0299CCC).  The Second Superseding Indictment charged the same two counts as the previously filed Superseding Indictment and the same time span as the First Superseding Indictment. What varied were the defendants charged and some of the overt

CIVIL 14-1695CCC                              10
(Related Crim. 06-0299-05CCC)

acts. The Second Superseding Indictment charged five (5) defendants instead of the twenty-five (25) defendants of the First Superseding Indictment (d.e. 1060 in Crim. 06-0299CCC).    The Court notes that on the First Superseding Indictment various defendants had already plead guilty and other charges had already been dismissed, upon the government's request.

On September 11, 2009, the scheduled Order to Show Cause hearing was held and the Order to Show Cause issued to defense attorney Méndez was vacated.    Petitioner informed the Magistrate-Judge that he wished to proceed to go to trial.    "The Court after hearing counsel states that the defendant has requested both himself and through his counsel the withdrawal of the COP, and, that being the case, the request is granted." (d.e. 1062 in Crim. 06-0299CCC).

On September 15, 2009, the Court entered an Order denying Petitioner's *pro se* filing (d.e. 1042 in Crim. 06-0299CCC).    "The Court has previously addressed and rejected his claims that his defense counsel has a conflict of interest since he favors the government over his client's interest.    Regarding his request for a trial setting, given the filing of a second Superseding indictment, the trial will be rescheduled within speedy trial constraints.    His final request for grand jury testimonies in relation to the September 20, 2006 Superseding Indictment is DENIED since a Superseding Indictment was filed on September 10, 2009.    Any future request of this nature must be filed through his attorney since defendant is not entitled as of right to grand jury

CIVIL 14-1695CCC                              11
(Related Crim. 06-0299-05CCC)

testimonies before the trial.  All pretrial motions shall be filed by his attorney on his behalf."  (d.e. 1064 at pp. 2-3 in Crim. 06-0299CCC).

On October 21, 2009, the government filed an Amended Notice of Intent to Introduce Evidence in Relation to Drug Related Murders (d.e. 1087 in Crim. 06-0299CCC).[16]  On November 9, 2009, the trial began (d.e. 1124 in Crim. 06-0299CCC),[17] jury selection was completed and the jury sworn in.

On December 1, 2009, Cabrera Cosme filed yet another *pro se* Motion to Appoint New Counsel (d.e. 1145 in Cr. 06-0299CCC).[18]  On December 8, 2009, his latest request for new counsel (d.e. 1145 in Crim. 06-0299CCC) was denied, stating:  "the record reflects that attorney Elfrick Méndez has diligently represented defendant Cabrera Cosme.  The information provided in this motion does not justify the designation of new counsel in this case." (d.e. 1050 in Crim. 06-0299CCC).

On December 9, 2009, Cabrera Cosme filed a *pro se* Motion Requesting Dismissal on Speedy Trial (d.e. 1153 in Crim. 06-0299CCC) and on January 7, 2010 he Petitioner filed an additional *pro se* Motion to Appoint New Counsel (d.e. 1161 in Crim. 06-0299CCC).[19]

---

[16]Cabrera Cosme was put on notice of the government's intent to introduce evidence at trial of his participation in a drug-related murder.

[17]Cabrera Cosme was tried along with three (3) additional co-defendants.

[18]Petitioner once again stated that his attorney was not adequately representing him and that he as well as his family members had a hard time getting in touch with attorney Méndez (d.e. 1145 in Crim. 06-0299CCC).

[19]In this latest request for new counsel, Petitioner alleges irreconcilable differences with attorney Méndez (d.e. 1161 in Crim. 06-0299CCC).

CIVIL 14-1695CCC                    12
(Related Crim. 06-0299-05CCC)

On January 26, 2010, Cabrera Cosme filed a *pro se* Motion Requesting Order as to Counsel (d.e. 1163 in Crim. 06-0299CCC)[20] and on February 9, 2010 both *pro se* motions (d.e. 1161 and d.e. 1163) were referred to a Magistrate-Judge for disposition (d.e. 1171 in Crim. 06-0299CCC).

The Magistrate-Judge issued an order on February 10, 2010 scheduling a motions hearing and instructing attorney Méndez to visit Petitioner at MDC Guaynabo prior to the scheduled hearing (d.e. 1173 in Crim. 06-0299CCC). On February 23, 2010, counsel Méndez filed a Motion in Compliance with Order (d.e. 1178 in Crim. 06-0299CCC). Counsel informed the following:

> The undersigned visited the defendant at MDC Guaynabo today to discuss the upcoming trial, his request for new counsel and other matters raised in his two (2) most recent pro se filings. The defendant expressed to the undersigned the same issues and concerns already discussed and informed by the undersigned to the honorable Court in Docket No. 989, namely the length of his pretrial detention, which is approaching the four (4) year mark, plea offers from the Government which did not meet his expectations, and his wish for more frequent visits from the undersigned. In addition, the defendant expressed his dissatisfaction with the fact that the undersigned did not file a motion requesting that he be freed on bail for the Christmas holiday . . . At the end of meeting, the defendant was noncommittal as to whether he would insist or desist on his request for the appointment of new counsel, stating he would decide what to do at the Motion Hearing set by the Honorable Magistrate Judge.
>
> The undersigned attorney hereby submits that the instant case presented unique situations which have made the defendants, including Mr. Jose L. Cabrera Cosme, distrustful of their

---

[20]In yet another Spanish language filing Petitioner requested that the Court either assign him a new attorney or order counsel Méndez visit him at MDC Guaynabo since in the last four (4) times in which Petitioner has written to his attorney the same has neither replied to his letters nor visited him (d.e. 1163 in Crim. 06-0299CCC).

CIVIL 14-1695CCC                    13
(Related Crim. 06-0299-05CCC)

> CJA appointed counsel.  Such situations include the lengthy pretrial detention, bordering on four (4) years; protracted plea negotiations; due to constant changes of counsel for the Government and defendants; witnesses who, as disclosed by the Government, perjured themselves before the Grand Jury; and the start and immediate stay of the jury trial due to conflict of interest which necessitated the withdrawal of the Federal Public Defender from the case and the appointment of new counsel for one of the defendants.

(d.e. 1178 at pp. 3-4 in Crim. 06-0299CCC).

On February 25, 2010, the motions hearing was held at which the Magistrate-Judge heard from both Petitioner and attorney Méndez and found that there was no reason for granting his request for new counsel, thereby denying both *pro se* motions (d.e. 1161 and d.e. 1163) (d.e. 1180 in Crim. 06-0299CCC).

On April 26, 2010, preliminary instructions were given to the jury and the government began its case in chief (d.e. 1210 in Crim. 06-0299CCC).

On June 11, 2010, the twenty-ninth (29th) day of trial, the jury reached a verdict.  Petitioner as well as all co-defendants were found guilty on both counts of the Second Superseding Indictment (d.e. 1327 in Crim. 06-0299CCC).  Petitioner filed a *pro se* Motion Requesting Transcript and Available Records (d.e. 1344 in Crim. 06-0299CCC).

On August 9, 2010, Petitioner filed a *pro se* Motion to Vacate Under 28 U.S.C. § 2255 (d.e. 1355 in Crim. 06-0299CCC).

CIVIL 14-1695CCC                    14
(Related Crim. 06-0299-05CCC)

On November 4, 2010, Cabrera Cosme filed a *pro se* Informative Motion Regarding Counsel (d.e. 1385 in Crim. 06-0299CCC).[21]

On November 26, 2010 and December 6, 2010, Petitioner filed through counsel an Emergency Motion to Continue Sentencing Hearing and a Second Motion to Continue Sentencing Hearing (d.e. 1389 and d.e. 1394 in Crim. 06-0299CCC).[22]

Both requests for continuance of sentencing hearing were granted and the same were reset for February 11, 2011 (d.e. 1395 in Crim. 06-0299CCC).

On January 26, 2011, Petitioner filed through counsel another Motion to Continue Sentencing Hearing (d.e. 1420 in Crim. 06-0299CCC) and on January 30, 2011 he filed a Sentencing Memorandum (d.e. 1428 in Crim. 06-0299CCC). On February 1, 2011, the Court rescheduled his sentencing hearing for April 6, 2011 (d.e. 1431 in Crim. 06-0299CCC). On that same day, he filed a Motion for Medical Treatment (d.e. 1429 in Crim. 06-0299CCC).[23]

---

[21]Petitioner informed, in the Spanish language, that his attorney had not shown him or discussed with him his Pre-Sentence Report (d.e. 1385 in Crim. 06-0299CCC) which was disclosed on October 4, 2010.

[22]Counsel Méndez informed the Court of a very urgent and sensitive family matter and requested a continuance of the scheduled sentencing hearing (d.e. 1389 in Crim. 06-0299CCC).

[23]Aside from requesting treatment for Petitioner's broken finger; attorney Méndez informed the Court that "all outstanding issues regarding the defendant's concerns regarding his legal representation have been resolved, in preparation for sentencing." (d.e. 1429 at p,. 1 in Crim. 06-0299CCC).

CIVIL 14-1695CCC                           15
(Related Crim. 06-0299-05CCC)

On March 15, 2011, Cabrera Cosme filed a *pro se* Motion Requesting Order (d.e. 1451 in Crim. 06-0299CCC)[24] which the Court ordered stricken from the record. Once again he was reminded that "he is being represented by counsel through whom all motions should be filed." (d.e. 1453 in Crim. 06-0299CCC).

On April 6, 2011, Petitioner's Objections to Pre-Sentence Report were ruled upon (d.e. 1456 in Crim. 06-0299CCC) and on April 6, 2011, Cabrera Cosme's sentencing hearing was held. Petitioner was sentenced to life imprisonment on Count One and a ten-year term of imprisonment on Count Two of the Second Superseding Indictment, to be served consecutively to each other. A term of supervised release of ten years as to Count One and five years as to Count Two were imposed, to be served concurrently with each other, and a Special Monetary Assessment of $200.00 (d.e. 1457 in Crim. 06-0299CCC). Judgment was entered on April 7, 2011 (d.e. 1458 in Crim. 06-0299CCC). On April 13, 2011, Petitioner filed through counsel a Notice of Appeal (d.e. 1460 in Crim. 06-0299CCC).

On June 24, 2011, copy of Judgment was entered dismissing Cabrera Cosme's 2255 Petition, without prejudice (d.e. 1495 in Crim. 06-0299CCC).[25]

---

[24]Cabrera Cosme informed the Court that he was still awaiting medical treatment for his broken finger; and complained that he was still waiting to file a motion on his behalf with corrections to his Pre-Sentence Report including his alleged role in the offense (d.e. 1451 in Crim. 06-0299CCC).

[25]Petitioner was informed by the Court that his appeal was still pending before the First Circuit Court, thus his 2255 Petition was filed prematurely and the same was dismissed without prejudice (d.e. 1495 in Crim. 06-0299CCC).

CIVIL 14-1695CCC                                16
(Related Crim. 06-0299-05CCC)

On April 10 2012, he filed two *pro se* motions, an Informative Motion[26] and a Motion for Return of Property[27] (d.e. 1547 and d.e. 1548 in Crim. 06-0299CCC).

On July 20, 2012, attorney Méndez was ordered to contact Cabrera Cosme forthwith and inform the Court once he had done so.  The Court further ordered *pro se* filings:    Motion for Return of Property (d.e. 1548 in Crim.  06-0299CCC)  and  Motion Regarding Status  (d.e.  1559  in Crim.  06-0299CCC)  stricken  from  the  record  "as  defendant  is  being represented by counsel Elfrick Mendez-Morales through whom all his motions should be filed."  (d.e. 1579 at p. 2 in Crim. 06-0299CCC).  On September 24, 2012, Petitioner filed a *pro se* Motion for Reconsideration of Order (d.e. 1585 in Crim. 06-0299CCC).[28]

On January 23, 2013, Petitioner filed a *pro se* Informative Motion Regarding  Ineffective  Assistance  of  Counsel  (d.e.  1586  in Crim. 06-0299CCC).[29]

---

[26]Petitioner, in the Spanish language, informed the Court that despite multiple efforts he was unable to contact attorney Méndez and, therefore, could not obtain all the necessary documents for his appeal.  Petitioner also asked that the court instruct the AUSA to return his personal property (d.e. 1547 in Crim. 06-0299CCC).

[27]Once again Petitioner was requesting the return of his gold chain and $250.00 taken on the day of his arrest (d.e. 1548 in Crim. 06-0299CCC).

[28]Petitioner informed the Court that attorney Méndez has disregarded the Court's previous order and Petitioner requested that he be allowed to represent himself in his return of property issue and be allowed to refile his motion for return of property, *pro se* (d.e. 1585 at p. 2 in Crim. 06-0299CCC).

[29]Petitioner submitted a letter written in the English language to his attorney Méndez, complaining of counsel's inactivity in the case, lack of diligence and utter disregard for his requests and communications (d.e. 1586 in Crim. 06-0299CCC).

CIVIL 14-1695CCC                        17
(Related Crim. 06-0299-05CCC)

On March 12, 2013, Cabrera Cosme filed, *pro se*, a Motion to Compel Production of Records (d.e. 1589 in Crim. 06-0299CCC).[30]

On April 11, 2013, the First Circuit Court issued its Opinion and Order affirming Cabrera Cosme's conviction and sentence, <u>United States v. Cabrera Cosme</u>, 714 F.3d 1 (1st Cir. 2013).

On May 6, 2013, the Court issued an Order to Show Cause to attorney Méndez (d.e. 1616 in Crim. 06-0299CCC).  The Court instructed attorney Méndez Morales "by no later than May 20, 2013, explain why he failed to comply with the Court's July 20, 1012 Order and respond to defendant's complaints about him raised in docket entries 1586 and 1589.  Attorney Mendez-Morales is expressly advised that failure to timely comply with this Order shall result in the imposition of severe sanctions for his repeated disregard of Court's orders."  (d.e. 1616 at p. 2 in Crim. 06-0299CCC).

On May 28, 2013, Cabrera Cosme filed a *pro se* Informative Motion Regarding Attorney Elfrick Méndez Morales' Non-Compliance with the Court's Order (d.e. 1623 in Crim. 06-0299CCC).[31]

On October 7, 2013, the Supreme Court denied Cabrera Cosme's petition for certiorari, <u>Cabrera Cosme v. United States</u>, 134 S.Ct. 338 (2013).

---

[30]Cabrera Cosme's motion, written in the English language, requested that the Court issue an order to his attorney Méndez to produce his legal file and all records he had regarding Petitioner's case and to withdraw as his attorney of record.

[31]Petitioner filed in the English language a letter addressed to attorney Méndez through the Court stating he did not know his appeal had been filed or denied and instructing counsel to file a writ of certiorari.  Petitioner informed the Court that since the conclusion of his trial he had not had communication with attorney Méndez (d.e. 1623 in Crim. 06-0299CCC).

CIVIL 14-1695CCC                    18
(Related Crim. 06-0299-05CCC)

On October 29, 2013, the Court issued an order appointing new counsel "to assist defendant in his post-appeal stage in order to discuss any post-conviction remedies that may be available to him." (d.e. 1635 at p. 2 in Crim. 06-0299CCC).

On October 29, 2013, the Court referred the non-compliance by attorney Elfrick Méndez with docket entries 1579 and 1616 to a Magistrate-Judge for a hearing and a Report and Recommendation (d.e. 1636 in Crim. 06-0299CCC).

On October 31, 2013, attorney Méndez filed an Ex-Parte Response to Order to Show Cause (d.e. 1637 in Crim. 06-0299CCC) explaining that prior to the Referral Order (d.e. 1636) he was unaware of the prior orders instructing him to respond. Counsel provided an explanation as to what had transpired on a personal level during the time period in question that did not allow him to respond and advised that he would appear at the Order to Show Cause Hearing (d.e. 1637 in Crim. 06-0299CCC).

On November 20, 2013, counsel's Order to Show Cause Hearing was held (d.e. 1651) and on November 21, 2013 the Magistrate-Judge issued her Report and Recommendation on attorney Méndez's Order to Show Cause Hearing (d.e. 1653 in Crim. 06-0299CCC). The Magistrate-Judge determined:

> We thus find that Atty. Mendez behaved competently and appropriately through the bulk of his trial, including during defendant Cabrera's trial and appeal. Afterward, because of personal and professional problems, he failed to respond to this Court's Orders. To be sure, such conduct is never appropriate, but because it does not appear to have prejudiced Defendant Cabrera, and because Atty. Mendez expressed real contrition during the hearing, we RECOMMEND that the Court issue no sanctions as to Atty. Mendez. Instead, we RECOMMEND that Atty. Mendez be admonished that future failures to strictly comply with the Court's

CIVIL 14-1695CCC                                19
(Related Crim. 06-0299-05CCC)

> orders will be punished severely, and that if, in the future, he needs
> to remove himself temporarily from the practice of law, he should
> inform the Court by motion of that intention.

(d.e. 1653 at p. 5 in Crim. 06-0299CCC).

On January 17, 2014, the Court issued its Order adopting the Magistrate-Judge's Report and Recommendation and admonished attorney Méndez as recommended (d.e. 1667 in Crim. 06-0299CCC).

On February 19, 2014, Petitioner filed, *pro se*, a second Motion to Vacate Under 28 U.S.C. § 2255, signed by him as being delivered to the prison postal authorities on February 5, 2014 (d.e. 1675 in Crim. 06-0299CCC).  On April 8, 2014, he filed, *pro se*, a copy of a letter sent by him to his new CJA attorney, Ignacio Fernández (d.e. 1679 in Crim. 06-0299CCC).[32]

On April 18, 2014, the government filed an Informative motion attesting to the fact that the chain which Cabrera Cosme had repeatedly claimed as his and requested returned was actually identified as belonging to one of the murder victims related to his criminal activities.  The Court notes that Petitioner had proffered that the chain was given to him by family members as a gift, that family members had bought the chain with money they earned and with much sacrifice; and that it possessed great sentimental value.  However, the chain was obtained by Cabrera Cosme himself upon the murder of José A. Medina.

On June 18, 2014, the government filed an Informative Motion in which it stated that it would not return the $250.00 seized at the time of Cabrera

---

[32]In said letter, written in the English language, Cabrera Cosme instructed attorney Fernández to file a motion for default judgment regarding the government's failure to respond to his motion for return of property (d.e. 1679 in Crim. 06-0299CCC).

CIVIL 14-1695CCC                          20
(Related Crim. 06-0299-05CCC)

Cosme's arrest as they were proceeds from his illicit drug activity (d.e. 1687 in Crim. 06-0299CCC).

On August 29, 2014, Petitioner filed, *pro se*, a Motion for Return of Property (d.e. 1694 in Crim. 06-0299CCC).[33]

On September 30, 2014, the Court issued an Order dismissing as a successive filing Petitioner's Second 2255 Request for Relief (d.e. 1711 in Crim. 06-0299CCC).

On October 14, 2014, Petitioner, through counsel, filed a Motion for Reconsideration (d.e. 4).[34]  The United States filed its Response and agreed that the filing of the second petition should be allowed since his first 2255 petition was filed prematurely and dismissed, without prejudice (d.e. 5). On October 22, 2014, Cabrera Cosme filed, *pro se*, a Supplemental Motion to Vacate, Set Aside or Correct Sentence Pursuant to Section 2255  (d.e. 6).  On November 26, 2014, he filed, *pro se*, a second Supplemental Motion to Vacate Sentence Pursuant to Section 2255 (d.e. 8).  On December 5, 2014 the Court issued its Order granting the Motion for Reconsideration (d.e. 4) and vacating the Judgment entered on September 30, 2014 (d.e. 2) (d.e. 11).

---

[33] In this latest motion Cabrera Cosme stated that the necklace returned was the wrong necklace and that he had become aware that upon his arrest additional items aside from the necklace were seized from his apartment and he wanted them returned to his mother (d.e. 1694 in Crim. 06-0299CCC).

[34] Attorney Fernández requested the Court reconsider the Court's dismissal of the Second 2255 petition, for the first dismissal was without prejudice, thus allowing for the second filing (d.e. 4).

CIVIL 14-1695CCC                    21
(Related Crim. 06-0299-05CCC)

On February 18, 2015, Cabrera Cosme filed a **third** Supplemental Motion to Vacate Sentence Pursuant to Section 2255 (d.e. 20).  On March 9, 2015, the government filed its Response in Opposition to Motion to Vacate Sentence and Supplemental Motions to Vacate Sentence Pursuant to Section 2255 (d.e. 17). Petitioner filed a reply to the government's response (d.e. 21).

Pending before the Court are the timely filed Second Motion to Vacate Sentence (d.e. 1), First Supplemental Motion to Motion to Vacate Sentence (d.e. 6), Second Supplemental Motion to Vacate Sentence (d.e. 8), Third Supplemental Motion to Vacate Sentence (d.e. 20), Government's Response in Opposition to Motion to Vacate Sentence as well as Supplemental Motions to Vacate Sentence (d.e. 17) and Petitioner's Reply.

## II.    DISCUSSION

Cabrera Cosme raised the following allegation of ineffective assistance of counsel: attorney Elfrick Méndez Morales provided ineffective assistance of counsel when he completely abandoned petitioner at every phase of the proceedings.    Cabrera-Morales enumerates the following instances of ineffective assistance of counsel for failure to:

1.    object to a constructive amendment of the indictment;

2.    object to the introduction of hearsay testimony;

3.    argue that the evidence presented to the jury  does not support the 924(c) conviction;

4.    present challenges to the life sentence imposed by the Court;

CIVIL 14-1695CCC                        22
(Related Crim. 06-0299-05CCC)

5.      object to the misapplication of the murder enhancement under
        Section 2D1.1;

6.      object to the actual drug amount attributed to Petitioner;

7.      inform Petitioner of the arguments raised in the appeal brief;

8.      request a rehearing before the First Circuit Court;

9.      respond to the court's orders;

10.     appear at petitioner's Change of Plea Hearing for which counsel
        was imposed sanctions.

All ten allegations of ineffective assistance are imputed to Méndez
Morales.

Petitioner's First Supplemental Motion to Vacate (d.e. 6) adds ineffective
assistance of appellate counsel for failure to raise an Alleyne violation in his
petition for a writ of certiorari.

Petitioner's Second Supplemental Motion to Vacate Sentence (d.e. 8)
re-alleged all previously stated claims and expanded the supplemental Alleyne
violation.  Cabrera Morales' Third Supplemental Motion to Vacate Sentence
(d.e. 20) is a copy of previously filed docket entry 8.  No new allegations were
raised nor prior allegations expanded.


A.      **28 U.S.C. § 2255 standards and exhaustion requirements**.

Title 28 U.S.C. § 2255 allows a federal prisoner to move to vacate, set
aside, or correct a sentence based on one of the following events:

CIVIL 14-1695CCC                    23
(Related Crim. 06-0299-05CCC)

1.    the sentence was imposed in violation of the Constitution or laws of the United States.

2.    the court lacked jurisdiction to impose the sentence.

3.    the sentence was in excess of the maximum authorized by law or,

4.    the sentence was otherwise subject to collateral attack.

When a prisoner files a motion for relief pursuant to section 2255, the court may dismiss the motion without an evidentiary hearing if "the motion and files and records of the case show conclusively that the movant is not entitled to relief."

It is well settled that a section 2255 motion is not a substitute for an appeal.  A defendant must first raise his/her claims on direct appeal before bringing the claim in a section 2255 motion.   United States v. Essig, 10 F.3d 968 (3rd Cir 1993).  If a defendant fails to preserve the claim on direct appeal, a court may not consider the claim in a subsequent section 2255 motion, unless the defendant can establish "cause and prejudice," United States v. Frady, 456 U.S. 152, 167 (1982); or a "fundamental miscarriage of justice."  Murray v. Carrier, 477 U.S. 478, 496 (1986).  The exception to the exhaustion principle is ineffective assistance of counsel which may be brought for the first time in a section 2255 motion.


**B.    Claim of Ineffective Assistance of Counsel**.

The standard for an ineffective assistance of counsel claim is whether counsel's conduct so undermined the proper functioning of the adversarial

CIVIL 14-1695CCC                    24
(Related Crim. 06-0299-05CCC)

process that the trial cannot be relied upon as having produced a just result. Strickland v. Washington, 466 U.S. 668 (1984); Lema v. United States, 987 F.2d 48 (1st Cir. 1993). In order to succeed in a claim of ineffective assistance of counsel Cabrera Cosme must show both incompetence and prejudice: (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Argencourt v. United States, 78 F.3d 14 (1st Cir. 1996); Darden v. Wainwright, 477 U.S. 168 (1986); Lockhart v. Fretwell, 506 U.S. 364 (1993).

Petitioner bears a "very heavy burden" in the attempt to have his sentence vacated premised on ineffectiveness of counsel. Argencourt v. United States, 78 F.3d 14, 16 (1st Cir. 1996); Lema v. United States, 987 F.2d 48, 51 (1st Cir. 1993). The Strickland standard provided that "only where, given facts known at the time, counsel's choice was so patently unreasonable that no competent attorney would have made it." United States v. Rodriguez, 675 F.3d 48, 56 (1st Cir. 2012), quoting Tevlin v. Spencer, 621 F.3d 59, 66 (1st Cir. 2010), citing Knight v. Spencer, 447 F.3d 6, 15 (1st Cir. 2006).

To successfully meet the first prong of the Strickland test, petitioner must show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Tejada v. Dubois, 142 F.3d 18, 22 (1st Cir. 1998) (quoting Strickland, 466 U.S. at 690). A petitioner must overcome the "strong presumption that counsel's conduct

CIVIL 14-1695CCC                        25
(Related Crim. 06-0299-05CCC)

falls within the wide range of reasonable professional assistance." Smullen v. United States, 94 F.3d 20, 23 (1st Cir. 1996) (quoting Strickland at 689). A court must review counsel's actions deferentially, and should make every effort "to eliminate the distorting effects of hindsight." Argencourt v. United States, 78 F.3d at 16 (quoting Strickland, 466 U.S. at 689).

The second prong of the Strickland test, the element of prejudice, also sets the bar high. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Argencourt v. United States, 78 F.3d at 16 (quoting Strickland, 466 U.S. at 691). Petitioner must "prove that there is a reasonable probability that, but for his counsel's errors, the result of the proceeding would have been different." Knight v. United States, 37 F.3d 769, 774 (1st Cir. 1994) (citing Strickland, 466 U.S. at 687).

This means that if petitioner is successful in showing deficiencies in his counsel's representation, he/she must then conclusively establish that those deficiencies led to a real prejudice against him in the criminal proceeding. Id. at 694. Petitioner has failed to meet the Strickland standard in all of his claims. Cabrera Cosme has failed to meet the first prong of Strickland requirement as to all of his claims.

## C.    Issues raised on appeal.

It is settled that "issues resolved by a prior appeal will not be reviewed again by way of a 28, United States Code, Section 2255." Murchu v. United

CIVIL 14-1695CCC                      26
(Related Crim. 06-0299-05CCC)

States, 926 F.2d 50, 54 (1st Cir. 1991) (citing Dirring v. United States, 370 F.2d 862, 864 (1st Cir. 1967). See also Santiago v. United States, 889 F.2d 371, 377 (1st Cir. 1989); Tracey v. United States, 739 F.2d 679, 682 (1st Cir. 1984), cert. denied, 469 U.S. 1109 (1985), Berthoff v. United States, 308 F.3d 124 (1st Cir. 2002).

The following issues were presented to the First Circuit Court of Appeals and decided upon:

1.      Failure to object to a constructive amendment of the indictment;

2.      Failure to argue that the evidence presented to the jury does not support the 924(c) conviction;

3.      Failure to present challenges to the life sentence imposed by the court;

4.      Failure to object to the court's misapplication of the murder enhancement under Section 2D1.1.

In United States v. Rodriguez-Reyes, et. al., 714 F.3d. 1 (1st Cir. 2013), the Court of Appeals found that "the district court after considering all of the evidence, including evidence of seven murders committed in furtherance of the narcotics conspiracy, sentenced each defendant to life in prison on the first count and ten years imprisonment on the second count, to be served consecutively. The evidence was sufficient to support the guilty verdicts as to each defendant; that the district court did not err in imposing the life sentences . . ." Id., at 4. The First Circuit determined that the trial evidence established that "Cabrera directly participated in the decisions to murder Indio

CIVIL 14-1695CCC                    27
(Related Crim. 06-0299-05CCC)

and Agustin, as well as in the planning of the Llorens Torres shootout that killed three others.  The evidence further established that Cabrera was a leader in the drug conspiracy and that all seven murders were committed in furtherance of that conspiracy."  Id. at 16.  As to Cabrera Cosme's 924(c) conviction, the opinion stated at footnote four:  "Cabrera argues that, while he was seen armed at the drug point, the evidence failed to show that he 'used' firearms or that any 'use' was during and in relation to drug trafficking. Since the jury could easily find that he did carry weapons to protect the drug point and thus further drug sales, the evidence suffices."  Id., at footnote 4.

Petitioner is not entitled on collateral review to re-litigate issues raised on direct appeal, absent an intervening change in the law.  Davis v. United States, 417 U.S. 333, 342 (1974).  There has been none.  Therefore, the issues related to the constructive amendment to the indictment, sufficiency of the evidence for his 924(c) conviction, challenges to the imposition of a life imprisonment sentence, and the application of the murder enhancement are **DENIED** as these matters have all been already decided on direct appeal and will not be relitigated.

The Court will jointly address Petitioner's allegations regarding counsel's **failure to object to the introduction of hearsay testimony and failure to object to the actual drug amount attributed to him**.  These two allegations against defense counsel have been made perfunctorily.  They are blanket allegations raised without support and without reference to the record.  Despite the multiple filings on his Section 2255 claim, his allegations on failure to object

CIVIL 14-1695CCC                    28
(Related Crim. 06-0299-05CCC)

to hearsay testimony and to the drug amount attributed to him have not been substantiated.  He has not specified which testimony he considers inadmissible hearsay.  Cabrera Cosme was one of four defendants in a trial that began on November 9, 2009 and ended on June 11, 2010.  There were multiple trial witnesses including cooperators.  Without specific reference to the trial record it is impossible to evaluate his hearsay claims.  "Judges are not expected to be mind readers.  Consequently, a litigant has an obligation 'to spell out its arguments squarely and distinctly,' or else forever hold its peace." United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (quoting Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988); Paterson-Leitch Co. v. Massachusetts Municipal Wholesale Elec. Co., 840 F.2d 985, 990 (1st Cir. 1988).  Regarding counsel's failure to object to the drug amount attributed to petitioner, the same is also a blanket assertion.  The jury found him guilty of distributing controlled substances.  It made a specific finding, based on trial evidence, that the quantity of controlled substances possessed with the intent to be distributed and distributed as part of the conspiracy was fifty (50) grams or more of cocaine base ("crack" and a mixture or substance containing a detectable amount of marihuana) (d.e. 1330 in Crim. 06-0299CCC).

     It is a settled principle that "issues adverted to in a perfunctory manner, . . . unaccompanied by some effort at developed argumentation, are deemed waived." Nikijuluw v. Gonzales, 327 F.3d 115, 120 n.3 (1st Cir. 2005); United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990); Rodriguez v.

CIVIL 14-1695CCC                29
(Related Crim. 06-0299-05CCC)

Martinez, 935 F. Supp. 2d 389, 408 (D.P.R. 2013); Berroa Santana v. United States, 939 F.Supp. 2d at 121; Espinal-Gutierrez v. United States, 887 F.Supp. 2d 361, 378 (D.P.R. 2012).  For these reasons, the allegations of ineffective assistance of counsel for failure to object to hearsay testimony and for failure to object to the actual drug quantity attributed to petitioner are **DENIED**.


**D.    Ineffective assistance of counsel for failure to inform Petitioner when his appeal brief was submitted and the arguments raised. In addition to counsel's failure to request a rehearing before the First Circuit Court**.

These are two additional unsubstantiated allegations of ineffective assistance of counsel.  In what amounts to yet another one liner statement he claims that his attorney was ineffective for not notifying of the filing of his appeals brief and its content and for not requesting a rehearing from the Appeals Court once his sentenced had been confirmed.

"Under Strickland v. Washington, . . . counsel is not incompetent merely because he may not be perfect.  In real life, there is room not only for differences in judgment but even for mistakes, which are almost inevitable in a trial setting, so long as their quality or quantity do not mark out counsel as incompetent."  Arroyo v. United States, 195 F.3d 54, 55 (1st Cir. 1999).

Petitioner has not satisfied the first prong of Strickland; therefore, his claims of ineffective assistance of counsel for failure to notify Cabrera Cosme of the filing of his appeals brief and for failure to request a hearing from the Court of Appeals are **DENIED**.

CIVIL 14-1695CCC                    30
(Related Crim. 06-0299-05CCC)

**E.    Ineffective Assistance of counsel for failure to respond to the Court's Orders**.

Cabrera Cosme alleges that his counsel was ineffective because at a certain point during attorney Méndez' representation he failed to comply with certain Orders.  This is a fact that is reflected in the case docket; however, the explanation as to what transpired and the ruling of the Court on the matter is also part of the record.

The record reflects that on May 6, 2013 the Court entered the following Order:

> On July 20, 2012, in response to complaints made by defendant [5] Jose L. Cabrera Cosme in a letter-motion filed on April 10, 2012 (docket 1547), the Court instructed his attorney Mr. Elfrick Mendez-Morales, to contact his client forthwith and to notify the Court once he did so.  See docket entry 1579.  No motion was ever filed by Mr. Mendez-Morales informing that he had indeed complied with the Court's express directive. Since then, defendant Cabrera Cosme has filed three more pro se motions (docket entries 1585, 1586 and 1589), in two of which he complains of ineffective assistance by counsel Méndez Morales (docket entries 1586 and 1589).

> Attorney Méndez-Morales shall, by no later than MAY 20, 2013, explain why he failed to comply with the Court's July 20, 2012 Order and respond to defendant's complaints about him raised in docket entries 1586 and 1589.  Attorney Méndez-Morales is expressly advised that failure to timely comply with this Order shall result in the imposition of severe sanctions for his repeated disregard of the Court's orders.

(d.e. 161 in Crim. 06-0299CCC).

The record further reflects that attorney Méndez Morales did not comply with the Show Cause Order.  The Court then entered its October 29, 2013 Order which in its pertinent part reads:

CIVIL 14-1695CCC                    31
(Related Crim. 06-0299-05CCC)

> Attorney Elfrick Mendez never complied with the Court's Orders
> issued on July 20, 2012 (docket entry 1579) and May 6, 2013
> (docket entry 1616) related to his legal representation of defendant
> [5] Jose Cabrera Cosme in this case.    In the last Order,
> Mr. Mendez was expressly advised that failure to comply with the
> same would result in the imposition of severe sanctions for his
> repeated disregard of the Court's Orders.

> The U.S. Magistrate-Judge shall summon attorney Mendez to
> appear before her at a hearing in which he shall show cause why
> he should not be sanctioned for his disregard of clear orders
> requiring him to contact his client defendant Cabrera Cosme
> immediately and to explain why he failed to comply with the Court's
> first July 20, 2012 Order and failed to respond to his client's
> complaints raised against him in docket entries 1586 and 1589.
> The U.S. Magistrate-Judge shall file a report and recommendation
> on the matter of non-compliance with orders and possible
> imposition of sanctions after said hearing is held.

(d.e. 1636 in Crim. 06-0299CCC).

On October 30, 2013 Cabrera Cosme was appointed CJA counsel attorney Ignacio Fernández de Lahongrais.

On October 31, 2013, attorney Méndez filed, under seal, a brief response to the Court's Order to Show Cause (d.e. 1637 in Crim. 06-0299CCC).  A Show Cause Hearing was held on November 20, 2013 with Mr. Méndez present (d.e. 1646, d.e. 1651 in Crim. 06-0299CCC).

On November 21, 2013, the Magistrate-Judge issued a Report and Recommendation on the matter, stating:

> After his appointment, Atty. Mendez seems to have diligently
> entered into plea negotiations with the Government. Defendant
> Cabrera faced a significant prison term. Under Count 1 of the
> Second Superseding Indictment, he faced up to two life sentences,
> see 21 U.S.C. Section 841(a)(1), 841(b)(1)(A), 846, 860, and under
> Count 2, he faced a term of five years to life, which would have
> been served consecutive to any sentence under Count 1, see
> 18 U.S.C. Section 924(c)(1)(A), 924(o).    Nonetheless, after
> negotiations with Atty. Mendez, the Government offered Defendant

CIVIL 14-1695CCC                    32
(Related Crim. 06-0299-05CCC)

> Cabrera a recommendation of twelve years.   But Defendant
> Cabrera rejected this offer, even after a Rule 11 conference . . . .
>
> As instructed by Defendant Cabrera(once convicted), Atty. Mendez
> filed a notice of appeal" (the Court adds that attorney Mendez also
> filed a timely appeals brief arguing several issues on behalf of
> Petitioner.

(d.e. 1653 at pp. 3-4 in Crim. 06-0299CCC).

The Magistrate-Judge noted "that Counsel Mendez assumed that with the appeal submitted (and later denied), the Defendant's Cabrera's case had been closed. The Government agrees that Attty. Mendez performed competently and effectively throughout the case, including during appeal." (Id., at p. 4).   She concluded, after assessing Mr. Méndez's demeanor and reviewing the record, that:

> Atty. Mendez behaved competently and appropriately through the
> bulk of of this trial, including during Defendant Cabrera's trail and
> appeal.     Afterward, because of personal and professional
> problems, he failed to respond to this Court's Orders.  To be sure,
> such conduct is never appropriate, but because it does not appear
> to have prejudiced Defendant Cabrera, and because  tty. Mendez
> expressed real contrition during the hearing, we RECOMMEND
> that the Court issue no sanctions as to Atty. Mendez.  Instead, we
> RECOMMEND that Atty. Mendez be admonished . . ."

(Id., at pp. 4-5).

On January 17, 2014, the Magistrate-Judge's Report and Recommendation as to attorney Méndez was adopted. The Court did not sanction attorney Méndez but admonished him that "if at any time he again needs to temporarily retire from the practice of law, he shall duly inform the Court of said intention by way of written motion."  (d.e. 1667 at pp. 1-2 in Crim. 06-0299CCC).

CIVIL 14-1695CCC                    33
(Related Crim. 06-0299-05CCC)

The record reflects that counsel Méndez preformed his duties as attorney for Petitioner in a diligent manner both prior to trial, during trial and during the appeals process.  Although after the appeal he did not communicate for some time with Cabrera Cosme, petitioner did not suffer any adverse consequences.

Petitioner fails to meet the <u>Strickland</u> burden in order to successfully argue ineffective assistance of counsel as to attorney Méndez's lack of communication after the appeals process.

Having established that counsel Méndez diligently represented Petitioner throughout all critical stages of the proceedings, including appeal, his claim of ineffective assistance of counsel for failure to comply with Court orders is **DENIED**.

**F.**    **Ineffective assistance of counsel for failure to appear at Petitioner's Change of Plea Hearing for which counsel was imposed sanctions**.

Cabrera Cosme alleges that his counsel was ineffective for he failed to appear at his change of plea hearing and was sanctioned for such failure.  The record reflects otherwise.

The backdrop for this non appearance has to do with the government having previously informed that several of its witnesses had perjured themselves before the grand jury and had lied as to certain information used to obtain search warrants, thereby rendering some evidence against defendant Cabrera Cosme and others inadmissible (d.e. 1010 in Crim. 06-0299CCC). The Government then requested that it be allowed to file a Second Superseding Indictment (d.e. 1010 in Crim. 06-0299CCC).  As expected, once

CIVIL 14-1695CCC                    34
(Related Crim. 06-0299-05CCC)

the defense attorneys obtained knowledge of this new development they requested that all pending change of plea hearings and motions to dismiss the superseding indictment be held in abeyance. Petitioner filed on September 7, 2009, through counsel, a Motion to Withdraw Notice of Change of Plea and Requesting that the Change of Plea Hearing Be Vacated (d.e. 1043 in Crim. 06-0299CCC). Petitioner informed the Court that he would not be pleading guilty and asked that counsel be excused from appearing on September 8, 2009 for the scheduled change of plea hearing since he had an appointment with the United States Probation Officer in another case. Counsel further asked that Cabrera Cosme not be transported from MDC Guaynabo to Court since he was not going to plead guilty (d.e. 1050 in Crim. 06-0299CCC).

The Change of Plea Hearing was scheduled to be held before Magistrate-Judge López on September 8, 2009. Present were the prosecutor and defendant Cabrera Cosme. His attorney was absent. The Court noted that counsel Méndez had asked to be excused and had informed that his client would not be pleading guilty. The Magistrate-Judge issued a Show Cause Order to attorney Méndez to state the reasons why sanctions should not be imposed for failure to appear at the scheduled change of plea hearing (d.e. 1051 in Crim. 06-0299CCC). In compliance, Méndez recounted that he had previously filed a motion indicating that Cabrera Cosme would not be pleading guilty and asking to be excused from the change of plea hearing. The Order to Show Cause was vacated and no sanctions were imposed upon Méndez (d.e. 1062 in Crim. 06-0299CCC).

CIVIL 14-1695CCC                    35
(Related Crim. 06-0299-05CCC)

Méndez was not sanctioned, as Cabrera Cosme claims, nor was he ineffective in his legal assistance. Cabrera Cosme fails to meet the Strickland standard for a valid claim of ineffective assistance of counsel, related to counsel's failure to appear at the change of plea hearing.

## G.    Ineffective Assistance of appellate counsel for failure to raise an Alleyne violation.

Cabrera Cosme raised this allegation of ineffective assistance of counsel as to his appellate attorney (also attorney Méndez) in his First Supplemental Motion to Vacate Sentence (d.e. 6). He then expanded the Alleyne argument in the Second Supplemental Motion to Vacate Sentence (d.e. 8).

Federal Rule of Civil Procedure 15(c) governs amendments in a Section 2255 proceedings, United States v. Duffus, 174 F.3d 333, 336 (3d Cir. 1999). It permits pleading amendments that "relate back" to the date of the timely filed original pleading, provided the claim asserted in the amended pleading "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c).

In the context of a habeas corpus the Rule 15 "relation back" provision is to be strictly construed, in light of "Congress' decision to expedite collateral attacks by placing stringent time restrictions on them." United States v. Ciampi, 419 F.3d 20, 21 (quoting Mayle v. Felix, 545 U.S. 644 (2005)). Amendments to habeas petitions generally must arise from the "same core facts," and not depend upon events that are separate in time and type from events upon which the original claims depended. Ciampi at 24.

CIVIL 14-1695CCC                    36
(Related Crim. 06-0299-05CCC)

"A petitioner does not satisfy the relation back standard merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based on an entirely distinct type of attorney misfeasance," United States v. Turner, 793 F.Supp. 2d 495, 499 (Dist. Mass. 2011) (quoting Mayle at 22). Such is the case as to Cabrera Cosme's Alleyne argument.

Petitioner's Alleyne allegation is a new claim of ineffective assistance of counsel filed well past the one year statute of limitations established by AEDPA. In Alleyne, the Supreme Court held that any fact that increases the statutory mandatory minimum sentence is an element of the offence and must be submitted to the jury and found beyond a reasonable doubt, Alleyne v. United States, 570 U.S. 99 (2013).

Alleyne was not the law when Cabrera Cosme was convicted and sentenced. Like many others he was tried in full accord with the law as it stood prior to Alleyne. Generally, new rules of law do not apply to cases terminated before the new law is recognized, Butterworth v. United States, 775 F.3d 459, 463 (1st Cir. 2015) (citing Teague v. Lane, 489 U.S. 288 (1989)).

There is no doubt that Alleyne established a new recognizable right. However, that does not make it automatically applicable retroactively. The First Circuit in more than one instance has determined that Alleyne is not retroactively applicable to sentences on collateral review on an initial habeas petition, Butterworth v. United States, 775 F.3d 459, 468 (1st Cir. 2015). Given that Alleyne does not apply retroactively and further considering that

CIVIL 14-1695CCC                              37
(Related Crim. 06-0299-05CCC)

Petitioner's first and second supplemental motions for 2255 relief fall outside the one-year statue of limitations as imposed by AEDPA, his claim of ineffective assistance of counsel for <u>Alleyne</u> violations is **DENIED**.


**H.    Cabrera Cosme's Reply in Opposition to Government's Response**.

On May 22, 2015, Petitioner filed a motion which he entitled Movant's Reply in Opposition to Government's Response (d.e. 21).  This filing was done over a year and a half after the statute of limitations for timely filing of Section 2255 petition had expired.  There he raises for the first time new allegations of ineffective assistance of counsel which do not relate back to his original filing, are baseless, untimely and unsupported by the record. Therefore, they will not be entertained by the Court.

After a thorough review of the case file and the transcripts, a detailed account of filings and occurrences has been provided.  Cabrera Cosme has filed multiple letters and *pro se* motions complaining about his attorneys. Attorney Méndez was not his first counsel.  The record reflects counsel Méndez acted diligently and to the best of his ability representing Cabrera Cosme.

CIVIL 14-1695CCC                    38
(Related Crim. 06-0299-05CCC)

## III.    CONCLUSION

For the reasons stated, the Court concludes that Petitioner José L. Cabrera Cosme's Motion Under 28 U.S.C. § 2255 (**d.e. 1**), as supplemented (d.e. 6, d.e. 8 and d.e. 20), is **DENIED**.  Furthermore, Petitioner's request for evidentiary hearing is also **DENIED**.


## IV.    CERTIFICATE OF APPEALABILITY

For the reasons previously stated, the Court hereby denies Petitioner's request for relief pursuant to 28 U.S.C. § 2255.

It is further ORDERED that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

SO ORDERED.

At San Juan, Puerto Rico, on March 28, 2018.


                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge